A: It's something you try not to impose on people because you know that it can be harmful, yes.

Q: And you would agree that's present in this case?

A: The history is present and his reaction to it because of the records, yes.

Q: His reaction is almost—

A: I would agree that that kind of behavior can be harmful. It was harmful to him.

Q: So, Doctor, though we were just discussing his history, his reaction to his upbringing and the abuse and dysfunction is textbook in terms of how a child would react to prolonged subjection to this kind of abuse?

A: As having the kind of adolescent reaction, the depression, the anger, mostly the anger and his rebelliousness ..., yes, these are all classical reactions to that kind of trauma.

Q: As we discussed earlier, it affects ego formation and other developmental processes that have life-long implications?

A: It can and does, yes.

Q: And it's pretty clear from the record that's what was going on in this case?

A: He had a lot of that from the records, yes.

\* \* \*

Q: Now the kind of background that Mr. Williams endured can lead to depression?

A: It can, yes.

Q: And poor impulse control?

A: Yes.

Q: Lack of judgment?

A: Yes.

Q: Lack of insight?

A: Yes.

Q: Reasoning deficits?

A: Yes.

Q: And those are all present in the records that we've seen in this case?

A: We've seen that, yes.

N.T., Dec. 15, 2000, at 71–75.

Benjamin STANTON and Elaine Stanton, his Wife as Parents and Natural Guardians of Jesse Stanton, a Minor and Individually in their Own Right

v.

LACAWANNA ENERGY, LTD.
and Pennsylvania Power
and Light Co.

v.

Benjamin Stanton and Elaine Stanton, his Wife as Parents and Natural Guardians of Jesse Stanton, A Minor and Individually in their Own Right

Petition of Benjamin Stanton and Elaine Stanton, his Wife as Parents and Natural Guardians of Jesse Stanton, a Minor and Individually in their Own Right.

Supreme Court of Pennsylvania.

April 6, 2004.

## ORDER

PER CURIAM.

AND NOW, this 6th day of April, 2004, the Petition for Allowance of Appeal is hereby GRANTED, limited to the following issue:

Did the Superior Court improperly conclude that Pennsylvania Power and Light Company was an "owner" of land entitled to protection under the Recreational Use of Land and Water Act, 68 P.S. §§ 477–1–477–8, where it held only an easement?